UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC GILLESPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV00207 AGF |
| | ) | |
| CHARTER COMMUNICATIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Cedric Gillespie brings this action under the Missouri Human Rights Act,

Mo. Rev. Stat. § 213 ("MHRA") (Counts I and II), and the Uniformed Services

Employment and Reemployment Act ("USERRA") (Count III). Plaintiff alleges that his

employer, Defendant Charter Communications, LLC ("Charter"),[1] and his former and

current supervisors, Defendants Robert Sewell and Richard Sturck, respectively,

discriminated against him on the basis of race (Count I) and retaliated against him for

reporting discrimination on the basis of race (Count II). The case is now before the Court

on the motion of Charter to dismiss certain allegations in Plaintiff's complaint for failure

to state a claim upon which relief may be granted. In support of its motion, Charter

argues that Plaintiff has not exhausted his remedies with respect to the alleged denials of

promotion that occurred prior to December 23, 2012, and, with respect to Count III,

asserts that neither punitive damages nor damages for emotional distress are available

---

[1] Defendant Charter has represented that it is properly designated as Charter
Communications, LLC, although Plaintiff's complaint does not refer to it as such. *See*
Doc. No. 8 at p. 1 n. 1. The Clerk of the Court will be directed to make this correction to
the docket sheet.

under USERRA. The motion is fully briefed, and upon consideration of the administrative charge, the complaint, the parties' arguments, and the applicable law, the Court will grant the motion to dismiss.

## I. **Background**

Plaintiff is currently and has been employed by Charter as a maintenance technician for 19 years. Plaintiff alleges that he applied for and was denied numerous promotions between 2009 and 2013. Plaintiff claims that each time he applied for a promotion, another "less qualified Caucasian employee" was given the promotion. Doc. No. 5 at ¶ 13. In March 2013, Plaintiff applied for two promotions, but alleges that in each instance less qualified Caucasian employees received the promotion. Following the denial of each promotion, Plaintiff lodged a complaint of racial discrimination with Charter's Human Resources Department.[2] *Id*. at ¶¶ 14-18.

Plaintiff further alleges that Defendant Sewell, his former supervisor, made racially discriminatory remarks towards Plaintiff and other African-Americans. When Plaintiff and other employees complained about Sewell's remarks, Charter demoted Sewell, but did not terminate his employment.

On June 21, 2013, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and United States Equal Employment Opportunity Commission ("EEOC"). Doc. No. 9-1. In the charge, Plaintiff asserts continuing discrimination on the basis of race and retaliation beginning in January 2009.

---

[2] Plaintiff alleges that he has yet to receive any "substantive response to his internal complaint[s]." Doc. No. 5 at ¶¶ 15, 18.

Plaintiff alleges the following in support of his charge: (1) Plaintiff applied for and was denied numerous promotions in favor of less qualified Caucasian employees; (2) Charter has engaged in ongoing discrimination, including permitting Caucasian employees to choose their work schedules before African-American employees, paying Caucasian employees higher wages, and tolerating racially offensive remarks made by Sewell; and (3) after Plaintiff reported Sewell's conduct to Human Resources, he was denied promotions due to making the reports. In this motion, Defendant Charter challenges only those allegations related to denials of promotion before December 23, 2012.[3] The MCHR issued Plaintiff a Right to Sue Letter on November 13, 2013. Plaintiff has not filed other charges against Defendants. This lawsuit followed.

## II.  Arguments of the Parties

Charter moves to dismiss the allegations in Counts I and II regarding the denial of promotions occurring before December 23, 2012. Citing to the statute of limitations provision of the MHRA, Charter notes that Plaintiff's charge cannot cover any promotion denied before that date, and therefore asserts that all allegations related to such conduct are time-barred and not actionable. *See* Mo. Rev. Stat. § 213.075. Charter also moves to dismiss Plaintiff's request for punitive damages and damages for emotional distress in Count III, noting that such relief is unavailable under USERRA.

In response, Plaintiff acknowledges that any person claiming to be aggrieved by unlawful discriminatory practice must file a written verified complaint with the MCHR

---

[3] The Court calculates the date to be December 18, 2012, but for purposes of this motion this difference is not material.

within 180 days of the alleged act of discrimination.  However, Plaintiff notes that where a continuing violation is asserted, the 180-day requirement does not apply to each violation alleged.  Plaintiff contends that because he has alleged at least one discriminatory act within the required time period and pleaded conduct that goes beyond a few isolated instances, his claims regarding the denial of promotions prior to December 23, 2012 should not be dismissed.

In addition, Plaintiff concedes that USERRA does not provide for the recovery of punitive damages or damages for emotional distress.

In reply, Charter argues that the continuing violation theory does not apply to discrete acts, such as the denials of promotion Plaintiff has alleged.

## III.  Standard of Review

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) a court views the allegations of the complaint liberally and in the light most favorable to the nonmoving party.  *U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012).  In addition, courts "must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party."  *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (internal quotation omitted).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  "[L]abels and conclusions, or a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555. The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," and "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [each element]."  *Id.* at 556 (internal quotation omitted).

## IV.  <u>Discussion</u>

An aggrieved party must file an administrative charge of discrimination within 180 days of an alleged unlawful employment practice under the MHRA.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  Failure to do so will result in dismissal of the allegations related to the charge.  *See id*. at 644.  Application of the MHRA's 180-day statute of limitations is subject to equitable exceptions, including the continuing violation doctrine.  *Rowe v. Hussman Corp.*, 381 F.3d 775, 782 (8th Cir. 2004).  When an employer is accused of a continuing violation, the plaintiff "must first demonstrate that at least one act occurred within the filing period and, second, must show that the harassment is a series of interrelated events, rather than isolated or sporadic acts of discrimination." *Id*.  (internal citation omitted).

The Supreme Court, in addressing the continuing violation theory with respect to claims under Title VII, 42 U.S.C. § 2000e *et seq.*,[4] held that discrete acts such as

---

[4] For purposes of continuing violations, interpretations of Title VII also apply to claims under the MHRA.  *Rowe*, 381 F.3d at 782 (citing *Walsh v. Nat'l Computer Sys., Inc.*, 332 F.3d 1150, 1157 (8th Cir. 2003)).

termination, failure to promote, denial of transfer, and refusal to hire are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *see also Williams v. Lender Processing Servs., Inc.*, No. 4:13CV01850 RWS, 2013 WL 5739059, at *1 (E.D. Mo. Oct. 22, 2013) (dismissing claims under the MHRA for failure to train, failure to promote, constructive demotion, and failure to approve a pay raise because each claim involved discrete acts of discrimination rather than a continuing violation). With respect to acts like the failure to promote, the Supreme Court held that each occurrence "starts a new clock for purposes of filing charges related to that act, and an employee must file charges within 180 days . . . of a discrete discriminatory action." *Tademe v. Saint Cloud Univ.*, 328 F.3d 982, 987-88 (8th Cir. 2003) (interpreting continuing violation doctrine under Title VII) (citing *Morgan*, 536 U.S. at 114-15).

Here, Plaintiff filed his charge of discrimination with the MCHR and EEOC on June 21, 2013. While it is true that Plaintiff filed a timely charge with respect to the asserted denial of the March 2013 promotions, the continuing violation theory does not apply to save Plaintiff's allegations regarding the denial of promotions he sought prior to December 23, 2012. *See Morgan*, 536 U.S. at 112 ("discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period"). Even the authorities on which Plaintiff relies support this understanding of the continuing violation doctrine. *See Tisch v. DST Sys., Inc.*, 368 S.W.3d 245, 255 (W.D. Mo. 2012) (holding that because continuing violation theory applies to day-to-day harassment, it could not

save untimely discrete acts including failure to promote).

In this case, Charter's failures to promote Plaintiff are a series of discrete allegedly discriminatory acts. *See Morgan*, 536 U.S. at 112. The Court therefore concludes that Plaintiff's allegations regarding denials of promotion that occurred more than 180 days before the filing of his administrative charge are time-barred and not actionable. *See Tademe*, 328 F.3d at 987-88. However, these acts may still be considered as "background evidence" in support of Plaintiff's allegations of ongoing harassment and retaliation. *See Morgan*, 536 U.S. at 113 (explaining that time-barred prior acts may nevertheless be used as "background evidence in support of a timely claim").

In addition, the Court notes that, as Plaintiff apparently concedes, neither punitive damages nor damages for emotional distress are recoverable under USERRA. *Vander Wal v. Sykes Enters., Inc.*, 377 F. Supp. 2d 738, 746 (D.N.D. 2005) ("[USERRA] does not allow for the recovery of damages for mental anguish, pain or suffering, nor does USERRA allow for the recovery of punitive damages.") (internal citation omitted). For that reason, Plaintiff's request in Count III for such damages will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss the allegations in Counts I and II of Plaintiff's complaint with respect to the denial of promotions occurring prior to December 23, 2012 is **GRANTED**. (Doc. No. 8.)

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to correct the docket sheet to reflect that Defendant Charter is Charter Communications, LLC.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2014.