UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CEDRIC GILLESPIE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV00207 AGF |
| | ) | |
| CHARTER COMMUNICATIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Cedric Gillespie (Doc. No. 60) to compel Defendant Charter Communications' ("Charter") production of documents without an "Attorneys' Eyes Only" designation. For the reasons stated below, this motion shall be granted.

## BACKGROUND

On December 11, 2013, Plaintiff filed suit against his employer, Charter, and his supervisors Robert Sewell and Richard Sturck, alleging that he was discriminated against on the basis of his race and his membership in the military. Plaintiff initially filed his petition in state court, stating claims for racial discrimination and retaliation under the Missouri Human Rights Act ("MHRA"), and for prejudicial employment actions based on Plaintiff's membership in the military under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). On February 6, 2014, Charter removed the action pursuant to this Court's federal question jurisdiction, under 28 U.S.C. § 1331. In

its notice of removal, Charter asserted that the Court had supplemental jurisdiction over Plaintiff's state law MHRA claims, pursuant to 28 U.S.C. § 1367.

On February 16, 2015, the parties filed a joint motion for a protective order (Doc. No. 53.)  The Court entered the consent protective order on February 17, 2015.  (Doc. No. 54.)  The protective order permits parties to mark documents they produce as "confidential" if they have a good faith belief that the documents contain either trade secrets, or proprietary or sensitive business, personal, or financial information. Documents marked as "confidential" may only be disclosed to parties' counsel, agents and employees of Charter, Plaintiff, the Court and its staff, relevant witnesses, court reporters employed for the purposes of recording depositions, and the jury.

During discovery, Plaintiff requested information and documents relating to internal complaints filed within Charter, alleging that Charter or any Defendant discriminated or retaliated against an employee on the basis of race or membership in the military.  On or about April 14, 2015, Charter identified two documents responsive to Plaintiff's requests.  One is a document detailing an anonymous complaint made to Charter's EthicsPoint system, which allows employees to report unethical or illegal conduct they observe.  The complaint related to alleged prior racial discrimination by Defendant Robert Sewell.  The other document identified by Charter is an internal "Incident Investigation Report," which details Charter's investigation of the claims made in the EthicsPoint complaint.

Charter indicated that it would produce these two documents only if Plaintiff agreed to stipulate that the production would not constitute a waiver of Charter's

attorney-client or work product privileges, and only if Plaintiff agreed to the documents being produced with an "Attorneys' Eyes Only" designation. (Doc. No. 60-3.) Charter claimed that the attorney-client and work product privileges apply to the documents because they were prepared at the direction of Charter's counsel. Charter subsequently communicated to Plaintiff that it sought the "Attorneys' Eyes Only" designation because it is Charter's policy to keep the persons involved in, and the contents of, any EthicsPoint complaint confidential, and that Charter had concerns about maintaining this confidentiality as Plaintiff is currently employed by Charter.

On May 14, 2015, Plaintiff filed the present motion to compel Charter to produce the two documents it identified, without an "Attorneys' Eyes Only" designation. Plaintiff argues that, under either federal or Missouri law,[1] the documents in question are not protected by the attorney-client privilege. Plaintiff cites state and federal cases for the proposition that internal investigative reports are not protected by the attorney-client privilege just because legal counsel was involved in the investigation. Plaintiff argues that Charter's investigation was done in the ordinary course of business and was not prepared for the purpose of seeking legal advice.

Likewise, Plaintiff argues that the documents do not constitute work product protected by Federal Rule of Civil Procedure 26(b)(3), because they were prepared in the ordinary course of business rather than in anticipation of litigation or for trial. Plaintiff also argues that the documents in question do not contain any attorney mental

---

[1] Plaintiff argues that state law privilege rules should govern at least his state law claim, and that, in any event, the documents at issue are not privileged under either state or federal law.

impressions or similar notes.  Further, Plaintiff argues that, even if the Court finds that the documents constitute protected work product, Plaintiff has made the required showing that he has a substantial need for the documents to demonstrate that Charter has a pattern and practice of discrimination, and that Plaintiff cannot obtain the substantial equivalent of this material through other means.  Plaintiff contends that the subject matter of the EthicsPoint complaint is nearly identical to Plaintiff's claims in this case, and that his need for such relevant information should overcome any alleged work product privilege.

Finally, Plaintiff argues that Charter's designation of the documents as "Attorneys' Eyes Only" is unnecessary, in light of the protective order already entered in this case, and would prejudice Plaintiff's ability to prosecute his claims.  Specifically, Plaintiff argues that the "Attorneys' Eyes Only" designation is generally only used in the context of patent, trademark, or copyright infringement cases, to protect a party from inadvertent disclosure of confidential information that would impact the party's commercial competitive advantage.  Here, Plaintiff argues that the information at issue is not of the type generally protected by such a designation, and that Charter may instead label the documents "confidential," which would adequately protect them from disclosure or use outside the scope of the present litigation.  Plaintiff argues that only allowing his counsel to view these documents would prevent them from conferring about the contents of the documents to prepare for deposition and trial, impairing Plaintiff's ability to prosecute his case.

In response, Charter argues first that federal law should govern Plaintiff's motion, as one count of Plaintiff's complaint contains a federal cause of action and Charter

removed the case pursuant to the Court's federal question jurisdiction. Charter then contends that it is not withholding the documents at issue, since it has agreed to produce them with an "Attorneys' Eyes Only" designation, and that therefore, all of the cases cited to by Plaintiff are inapposite.

Charter argues that the incident report is privileged[2] because it was created by Charter's Director of Human Resources at the direction of, and following a process instituted by, Charter's compliance team, which includes three in-house attorneys. Charter provides no facts as to the overall size of the compliance team, nor to the composition of its remaining members. Charter cites extensively to a case from the Eastern District of New York for the proposition that "factual investigations conducted by an agent of the attorney, such as gathering statements from employees, clearly fall within the attorney-client rubric." *See* Doc. No. 65 at 6 (citing *Geller v. North Shore Long Island Jewish Health Sys.*, No. CV 10–170(ADS)(ETB), 2011 WL 5507572, at *3 (E.D.N.Y. Nov. 9, 2011)).

Finally, Charter argues that the "Attorneys' Eyes Only" designation is necessary to protect the confidentiality of both the EthicsPoint complaint and the incident report. If this confidentiality were breached, Charter argues, it would frustrate the purpose of the EthicsPoint reporting program, as employees would no longer feel safe to report

---

[2] While Charter's communications with Plaintiff, attached to the parties' briefs, seem to assert that both documents are protected by the attorney-client and work product privileges, Charter's response brief only asserts that the incident report is privileged, and appears only to claim that the attorney-client privilege applies. (Doc. No. 66 at 6-7.) Charter does not assert that the incident report contains any attorney opinions or mental impressions.

5

violations they encounter. Charter also alleges that it has learned that Plaintiff has discussed the claims in his case with his coworkers, which Charter asserts raises the concern that Plaintiff may breach the confidentiality required by the protective order.

In reply, Plaintiff argues that Charter has "for all practical purposes" refused to produce the documents at issue, by only agreeing to produce them if they are labeled with the restrictive "Attorneys' Eyes Only" designation. Plaintiff argues that the protective order is sufficient to protect Charter's interest in confidentiality, and that Charter's concerns regarding whether Plaintiff will honor the protective order are unfounded. Plaintiff contends that the Court's power to sanction Plaintiff will assure his compliance with the existing protective order, and that using the more restrictive designation would prevent Plaintiff's attorneys from conferring with their client about the documents' contents, or from questioning fact witnesses about the information in the documents.

## **DISCUSSION**

### **Attorney-Client Privilege**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The federal attorney-client privilege affords a client the right to refuse to disclose "communications between attorney and client made for the purpose of obtaining legal advice." *Carr v. Anheuser-Busch Cos.*, 791 F. Supp. 2d 672, 674 (E.D. Mo. 2011). Similarly, Missouri's attorney-client privilege "prohibits the discovery of confidential communications, oral or written, between an attorney and his client with reference to litigation pending or contemplated." *State ex rel. Koster v. Cain*, 383 S.W.3d 105, 116 (Mo. Ct. App. 2012). Under both

Missouri and federal law, the party asserting the privilege has the burden of proof to demonstrate that the privilege applies to the documents at issue. *See In re Advanced Pain Ctrs. Poplar Bluff v. Ware*, 11 F. Supp. 3d 967, 973 (E.D. Mo. 2014); *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W.3d 364, 367 (Mo. 2004).

In the context of corporate attorney-client communications, the United States Supreme Court has clarified that the privilege applies when: (1) the document or communication was provided by agents of the corporate client to counsel, acting as counsel, at the direction of their corporate superiors; (2) the information was necessary for the provision of legal advice; (3) the agents were aware that their communication was made for the purpose of obtaining legal advice for the corporation; and (4) the communication was treated as confidential. *See Upjohn Co. v. United States*, 449 U.S. 383, 394-95 (1981).

Here, the Court need not address whether federal or state law governs Charter's assertion of privilege in this case, as the Court finds that Charter has not met its burden under either law to show that the privilege applies to the documents at issue. Charter has failed to show that the incident report was created to obtain legal advice, and that the corporate agents involved knew that the document was prepared so that Charter could obtain such advice. Both Missouri and the Eighth Circuit agree that a corporate document is not protected by the attorney-client privilege solely because an attorney was one of its recipients. *See, e.g.*, *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977) (en banc) ("In order for the privilege to be applicable, the parties to the communication in question must bear the relationship of attorney and client. . . . A

7

communication is not privileged simply because it is made by or to a person who happens to be a lawyer."); *Bd. of Registration for Healing Arts v. Spinden*, 798 S.W.2d 472, 476 (Mo. Ct. App. 1990) (holding that in-house counsel's "mere involvement in the investigation does not shield the investigative reports from discovery"). The Court recognizes that information of this type could be privileged if it was communicated to counsel for the purpose of obtaining legal advice, but Charter has not met its burden to establish such facts in this case.

Charter's reliance on *Geller*, 2011 WL 5507572, for the proposition that the incident report is privileged is unpersuasive. In that non-binding case, unlike here, the documents at issue (the defendant's internal investigative documents concerning the plaintiff's complaint that she was subjected to a hostile work environment) were created by the defendant's corporate compliance officer only after the defendant had received a notice from the plaintiff's counsel that the plaintiff was bringing claims against the employer for sexual discrimination and harassment, and after the defendant had retained counsel as a result. *Id.* at *2-3. In this case, unlike *Geller*, the incident report was not prepared in response to any pending litigation, and the Director of Human Resources who prepared the report did so as an agent of Charter's entire corporate compliance team, rather than a single defense attorney as was the case in *Geller*. Therefore, the Court finds that the attorney-client privilege does not apply to either the EthicsPoint complaint or the incident report.

**<u>Work Product Privilege</u>**

"Historically, a lawyer's mental impressions, conclusions, opinions, and legal theories have been afforded substantial protection in order to secure the lawyer's effective advocacy and representation of his or her clients' interests." *In re Grand Jury Proceedings, G.S., F.S.*, 609 F.3d 909, 916 (8th Cir. 2010) (Bye, Circuit J., concurring in part and dissenting in part) (citation omitted). This doctrine[3] protects from discovery materials "prepared in anticipation for litigation or for trial." Fed. R. Civ. P. 26(b)(3). There are two types of protected work product. Non-opinion work product is only given qualified protection, and "is generally discoverable upon a showing of substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *In re Grand Jury Proceedings*, 609 F.3d at 913 (citation omitted). Opinion work product, "which encompasses a lawyer's opinions, conclusions, mental impressions, and legal theories," is afforded "substantially more protection." *Id.* The mere possibility that litigation may result is not sufficient to trigger the protection of the work product doctrine. *See Diversified Indus., Inc.*, 572 F.2d at 604. As with claims of attorney-client privilege, the party claiming protection under this doctrine bears the burden of establishing that it exists. *See Hickman v. Taylor*, 329 U.S. 495, 512 (1947).

In this case, it is undisputed that the incident report contains no opinions or mental impressions of Charter's attorneys. And as discussed above, it appears to the Court, based on the record before it, that the documents in question were not prepared in

---

[3] This Court applies federal law to disputes involving the work product doctrine. *See PepsiCo, Inc. v. Baird, Kurtz, & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002).

anticipation of litigation, but were rather generated in the ordinary course of Charter's business.  Indeed, Charter makes clear that the EthicsPoint reporting system, and the process of investigating claims made within this system, were part of an ongoing compliance program instituted by Charter.  Though it is always possible that internal corporate complaints may result in litigation, such speculative possibilities are insufficient to establish that the documents were prepared in anticipation of litigation.  Moreover, even if the work product doctrine did apply, the Court finds that Plaintiff has sufficiently showed his substantial need for documents, which may demonstrate that Defendants have a history of discriminating or retaliating in a similar fashion to what Plaintiff alleges here, and that Plaintiff has no other means to obtain these documents.  Therefore, the Court finds that the EthicsPoint complaint and Charter's incident report are not protected from discovery by the work product doctrine.  *See Diversified Indus., Inc.*, 572 F.2d at 604 (finding that there was no work product immunity for documents prepared in the ordinary course of business); *Love v. Sears, Roebuck and Co.*, No. 3–13–CV–402–S, 2014 WL 1092270, at *2 (W.D. Ky. Mar. 14, 2014) (holding that incident reports were not prepared in anticipation of litigation because they were prepared as part of general policy to record alleged incidents rather than specifically in anticipation of litigation).

**"Attorneys' Eyes Only" Designation**

Requiring an "attorneys' eyes only" designation is a "drastic remedy given its impact on the party entitled to the information," in that it prevents a party from reviewing documents with counsel, and can hamper the ability of the party to present his or her

case. *See Ragland v. Blue Cross Blue Shield of N.D.*, No. 1:12–CV–080, 2013 WL 3776495, at *1 (D.N.D. June 25, 2013); *see also Skillington v. Activant Solutions, Inc.*, No. 4:09CV673MLM, 2009 WL 3852804, at *7 (E.D. Mo. Nov. 17, 2009). Therefore, "any designation of material as 'attorneys' eyes only' should be reserved for only those rare instances in which it is truly justified . . . and there is no other effective alternative." *Ragland*, 2013 WL 3776495, at *2 (collecting cases); *see also Scentsy, Inc. v. B.R. Chase, L.L.C.*, No. 1:11–CV–00249–BLW, 2012 WL 4523112, at *6 (D. Idaho Oct. 2, 2012) (noting that the standard to prove that an "attorneys' eyes only" designation is necessary is "high," and that "very few documents need [this] designation"). Generally, an "attorneys' eyes only" designation is an appropriate only in cases involving trade secrets, patents, or other intellectual property. *See Ragland*, 2013 WL 3776495, at *1.

Here, Charter has not shown that an "Attorneys' Eyes Only" designation is necessary to protect the confidentiality of the documents at issue. The protective order in this case allows Defendants, where appropriate, to designate their production "confidential," and thereby ensure that Plaintiff cannot publish or otherwise use the information outside the scope of this litigation. Charter fails to show why the "confidential" designation would be insufficient to protect the materials, other than by alleging that Plaintiff has generally discussed his case with coworkers. These conclusory allegations, unsupported by any facts provided to the Court, are insufficient to render this case one of the rare ones in which an "attorneys' eyes only" designation is warranted. *See Ragland*, 2013 WL 3776495, at *2 (declining to authorize an "attorneys' eyes only" designation where the defendant "failed to point to any specific information that is likely

to meet the very strict criteria" to show the need for the designation, and holding that the designation "should not be authorized simply because one of the parties would prefer that certain information not be disclosed to an opposing party"); *Skillington*, 2009 WL 3852804, at *7 (refusing to issue an "attorneys' eyes only" designation which would prevent the plaintiff from viewing the discovery because it would inhibit the plaintiff from presenting his case).

Therefore, the Court will order Charter to produce the two documents without the "Attorneys' Eyes Only" designation, but subject to the existing protective order as appropriate. However, Charter will be allowed to redact the name of the EthicsPoint complainant, to the extent it appears anywhere in the documents at issue, and as necessary to protect the anonymity of the complainant. Further, the Court cautions Plaintiff that discussion or use of discovery marked "confidential" outside the scope of this case will constitute a violation of this Court's protective order and may result in the imposition of sanctions.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel the production of documents without the "Attorneys' Eyes Only" designation is **GRANTED**. (Doc. No. 60.)

**IT IS FURTHER ORDERED** that Defendant Charter Communications shall produce the requested information, as set forth above, within **fourteen (14) days** of the date of this Order.

                      _____
                      AUDREY G. FLEISSIG
                      UNITED STATES DISTRCIT JUDGE

Dated this 24th day of September, 2015